

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 16, 1969

Honorable James E. Barlow
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas   78204

Dear Mr. Barlow:

Opinion No. M-432

Re:  Authority and responsibility
     of heads of mental hospitals
     with regard to return of
     patients absent without
     authority from detention on
     voluntary commitment.

In your request for opinion of this office you state that, "A question, mutual to Peace Officers and Heads of Private Mental Hospitals, has been raised by both factions regarding their respective authorities, legal obligations, and/or responsibilities under the Mental Health Code in the area of voluntarily committed patients in Private Mental Hospitals;" and, in particular, you question the, "legality of actions taken by both Heads of Private Mental Hospitals and Peace Officers under authority of V.A.T.S., Art. 5547-72, in cases of escaped or awol voluntarily committed patients from Private Mental Hospitals."

Article 5547-72, Vernon's Civil Statutes, provides as follows:

"(a) The head of a mental hospital shall initiate action to regain custody of any patient who is absent without authority.

"(b) It is the duty of any health or peace officer to take into protective custody and detain any such patient and to report the same to the head of the mental hospital or to the county judge and upon the order of either to transport the patient back to the mental hospital."

It is apparent that Article 5547-72 provides a means for a return to the mental hospital of those patients who have absented themselves therefrom without consent; the only question is as to whether subdivision (b) thereof applies to the patient who has voluntarily committed himself, to the extent that he may be detained and returned to the hospital without further proceedings under the Mental Health Code.

Article 5547-22, V.C.S., provides as follows:

> "The head of a mental hospital may admit as a
> voluntary patient any person for whom a proper
> application is filed, if he determines upon the
> basis of preliminary examination that the per-
> son has symptoms of mental illness and will
> benefit from hospitalization." (Emphasis supplied)

Entirely different and more stringent requirements apply to in-
voluntary hospitalization. These requirements are set out under the
emergency admission proceedure of Article 5547-27, et seq.; the
temporary hospitalization for observation and/or treatment procedure
of Article 5547-31 et seq., and the indefinite commitment procedure
of Article 5547-40, et seq.; and each spell out a requirement for
allegation, and court determination, that the patient is mentally
ill and that for his own welfare and protection of the protection or
others he requires such detention and/or treatment.

As stated before, Article 5547-22 authorizes the head of a mental
hospital to admit a voluntary patient under the circumstances there
set out. Article 5547-68 authorizes the head of such mental hospital
to admit and detain any patient in accordance with the procedures
provided by the voluntary hospitalization provisions; and Article
5547-22 through 5547-26 set out the terms and procedures of such vol-
untary hospitalization, including provisions as to admission, advis-
ing patients of their rights, spelling out the right of release of
such patient and the fact that no other sort of commitment shall be
sought for a voluntary patient unless a request for his release has
been filed, but makes no provision for apprehension or return to the
hospital of such patient.

In accordance with the provisions for a voluntary commitment, the
head of a mental hospital may admit such patient and is free from
liability for detaining such patient by reason of the contractual
arrangement therein provided and by reason of Article 5547-18 which
exempts all persons acting in good faith, reasonably and without
negligence, from all liability, civil or criminal, incident to the
actions therein enumerated.

However, once a patient absents himself without consent from such
mental hospital he is no longer a voluntary patient and although he
may have, in so doing, breached the terms of his agreement, he is in
fact, no longer under a voluntary commitment; and until he changes
his mind, any return of him to such hospital would be involuntary and
as such must be effected under the terms of an involuntary commitment.

Article 1, Sec. 19 of the Texas Constitution, provides that: "No
citizen of this state shall be deprived of life, liberty, property,
. . . , except by due course of the law of the land." Up to the time
in question such patient has had no access to a court of law, much
less "due course of law" and although a voluntary commitment protects
those detaining such person when he is in their custody it does not

purport to be a "due process" procedure and until a person has been committed in accordance with the statutes and the Constitution (Article 1, Secs. 15 and 15-a), he is a free person with all his civil rights.

It is the opinion of this office that the provisions for summary return of patients to mental hospitals, provided under Article 5547-72 (b) do not apply to persons who have absented themselves without consent from a voluntary commitment to a mental hospital without further proceedings under the Mental Health Code.

If the condition of a patient who has so absented himself without consent from a voluntary commitment is such that the head of the mental hospital or other appropriate health officer has reason to believe and does believe that the patient is mentally ill and because thereof he is likely to cause injury to himself or others if not immediately restrained, then and in that event Article 5547-72 directs that such official shall initiate action to regain custody of such patient. The proper action in that case, if such patient shows no intention of voluntarily returning to the hospital, would be the procedure set out under Article 5547-27, et seq., pertaining to emergency admission for involuntary hospitalization. If the head of the mental hospital or appropriate health officer does not believe such urgency in time exists, but does believe that the patient is mentally ill and that for his own welfare and protection or the protection of others the patient requires observation and/or treatment in a mental hospital, and that such patient is not charged with a criminal offense, then and in that event such head of the mental hospital or appropriate health officer should initiate action for the patient's involuntary commitment under the provisions of Article 5547-31, et seq., providing for temporary hospitalization for observation and/or treatment.

## SUMMARY

The provision of Article 5547-72 (b), V.C.S., providing for the summary return of patients, absent without consent, to the mental hospitals is not applicable to persons who have so absented themselves from a voluntary commitment.

Yours very truly,

Crawford C. Martin
Attorney General of Texas

Honorable James E. Barlow, page 4 (M-432)

Prepared by Harold G. Kennedy
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns B. Taylor, Chairman
George Kelton, Vice-Chairman
John Banks
Bill Allen
Roland Allen
Louis Neumann

Hawthorne Phillips
Executive Assistant